## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| TOP TOBACCO L.P. et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:24-cv-01260-MAL |
| | ) | |
| KANAN ENTERPRISES LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

In this case, Plaintiffs Top Tobacco L.P., Republic Technologies, and Republic Brands L.P allege that Defendants Kanan Enterprises LLC d/b/a United Distribution, Fadel Kanan, and Fahmi Kanan sold inferior counterfeit versions of their products. After several delays and failures to comply with court orders, the Court struck Kanan Enterprises's answer (as it previously said it would do if Kanan Enterprises continued to flout its orders). Kanan Enterprises now moves for reconsideration of the order striking its answer. For the reasons set forth below, Kanan Enterprises' motion is denied.

### I.      Background

From the early days of the case, Kanan Enterprises conducted itself in a dilatory manner. Problems began in November 2024, when the Court entered a case management order requiring parties to make initial disclosures by December 8, 2024. Doc. 19. On February 25th, 2025, Top Tobacco filed a motion to compel, alleging that Kanan Enterprises had not filed its initial disclosures, failed to respond to Top Tobacco's discovery requests, and failed to respond to multiple requests to meet and confer. Doc. 20.[1] The Court scheduled a discovery conference to resolve these issues, Doc. 23, but counsel for Kanan Enterprises failed to attend, Doc. 24. Only after the Court rescheduled the conference were the parties able to resolve the issue. Doc. 25. Everything moved along relatively smoothly for a time.

Unfortunately, this did not last. When the court referred the case to mediation, Kanan Enterprises disregarded the Court's deadline to designate a neutral. Doc. 33. Despite being lead counsel for the mediation, Kanan Enterprises failed to select a mediator or file an extension by the deadline. Top Tobacco also alleges that Kanan Enterprises failed to contact them or respond to

---

[1] Kenan Enterprises subsequently admitted that it was responsible for the delay during this period. Doc. 26.

their emails, Doc. 33, which Kanan Enterprises has not disputed. In response, the Court issued a show cause order citing both Kanan Enterprises's conduct in the mediation process and its prior conduct in the discovery process. Doc. 34. The show cause order asked Kanan Enterprises to explain why it had not selected a mediator by the date required by the Court and stated that, if Kanan Enterprises did not respond to the show cause order, the Court would strike Kanan Enterprises's Answer. Though apparently Kanan Enterprises finally decided to work with Top Tobacco to select a mediator after the Court entered the show cause order, Kanan Enterprises failed to respond to the show cause order. True to its word, once twenty-three days had passed after Kanan Enterprises's deadline to show cause, the Court struck Kanan Enterprises's Answer. Doc. 36. Now Kanan Enterprises moves this Court to reconsider its decision to strike Kanan Enterprises's Answer on the grounds that it had started to select a mediator in response to the Show Cause order, but simply failed to tell the Court about it.

## II.  Legal Standard

The Federal Rules of Civil Procedure do not directly provide for a motion to reconsider. Courts "typically construe such a filing as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Ackerland v. United States*, 633 F.3d 698,701 (8th Cir. 2011). Since judgment has not been entered in this case, we will construe the motion to reconsider as a Motion for Relief from an Order under Rule 60(b). Rule 60(b) states in relevant part that: "on motion and just terms, the court may relieve a party or its legal representative from a[n]… order, … for ...: mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6). "Rule 60(b) authorizes relief in only the most exceptional of cases." *Int'l Bhd. of Elec. Workers, Loc. Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002).

## III.  Application of Law to Facts

Because Kanan Enterprises does not demonstrate mistake, inadvertence, surprise, or excusable neglect, the Court declines to reconsider its decision to strike the Answer. Even if Kanan Enterprises did reach out to opposing counsel about a mediator, it still did not respond to the show cause order, which required that it explain why it failed to meet the mediation deadline. Doc. 34. While Kanan Enterprises represents that it worked diligently *after* the show cause order, it offers no explanation for its failure to meet the initial deadline or its failure to even respond to emails from opposing counsel. Doc. 38. If this was the first time such a thing occurred, perhaps this

Court would chock it up to excusable neglect or inadvertence and issue a mere warning.  But this is not the first time.  Kanan Enterprises previously missed discovery deadlines and then missed a subsequent status conference the Court called to address the issue.  The Court does not believe Kanan Enterprises's conduct is the result of inadvertence or excusable neglect.  Kanan Enterprises was warned.  The Court ordered it to show cause or have its Answer struck.  Because Kanan Enterprises did not even attempt to show cause, the Court struck the Answer.

**IT IS HEREBY ORDERED** that the Motion for Reconsideration of Court's Order Striking Defendants' Answers, Doc 38, **IS DENIED.**

Dated this 6th day of November, 2025.

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE